**In re D.C. EQUIPMENT, INC., Debtor.**

**D.C. EQUIPMENT, INC. and Dennis Dubey, Plaintiffs,**

v.

**PESHTIGO NATIONAL BANK, Roger Schultz, Osstyn, Bays, Ferns & Quinnell, Donald W. Bays, P.C., Donald W. Bays, Randolph Osstyn, and William Ferns, Defendants.**

**Bankruptcy No. HM 86–00049.
Adv. No. 89–0035.**

United States Bankruptcy Court,
W.D. Michigan.

April 11, 1990.

---

Vincent Petrucelli, Iron River, for plaintiffs D.C. Equipment and Dennis Dubey.

W. John Stenton, Sault Saint Marie, Mich., for defendants Osstyn, Bays, Ferns & Quinnell, P.C., Donald W. Bays, Randolph Osstyn, and William Ferns, Marquette, Mich.

OPINION ON DEFENDANTS' OSSTYN, BAYS, FERNS & QUINNELL, DONALD W. BAYS, P.C., DONALD W. BAYS, RANDOLPH OSSTYN AND WILLIAM FERNS' MOTION FOR SUMMARY JUDGMENT ON COUNT II OF PLAINTIFFS' FIRST AMENDED COMPLAINT

LAURENCE E. HOWARD, Bankruptcy Judge.

The debtor, D.C. Equipment ("D.C."), is involved in the retail sale and service of heavy equipment. Dennis Dubey ("Dubey") is the president and chairperson of the board of directors of the debtor corporation. In addition, Dubey owns all of the outstanding stock of the corporation.

During the course of its business, D.C. borrowed money from Defendant, Peshtigo National Bank ("Bank"), to expand. In exchange, D.C. executed several promissory notes and consented to the bank retaining a security interest in its inventory and assets. Those notes were personally guaranteed by Dubey.

By early 1986, D.C. owed the bank approximately one million dollars. Due to its financial state, D.C. hired Donald W. Bays as its attorney. On March 18, 1986, D.C. filed a voluntary petition under Chapter 11 of the Bankruptcy Code, and continued to operate as a debtor in possession.

On September 25, 1987, D.C. petitioned the court for permission to conduct both a public auction and a private sale of equipment, including several pieces of equipment on consignment from third parties. The auction was to be conducted by Premier Auction Services ("Premier"). On October 15, 1987, Judge James D. Gregg entered an order approving the prospective sales. The private sale and public auction were held on October 29, 1987, and gross proceeds exceeded $900,000.00. After a lienholder and Premier were paid, the net proceeds were held by the bank in escrow. On November 25, 1987, D.C. petitioned the court for an order confirming the sales. The terms of that confirmation order included a provision that the bank was to retain approximately $400,000.00, which would reduce D.C.'s debt to approximately $500,-000.00. An amount in excess of $200,-000.00 was to be turned over to D.C. for business operations. On December 15, 1987, the court entered an order confirming the auction and sale. Prior to the bank retaining its money and turning over the balance to D.C., Premier withdrew the total proceeds from the escrow account and they were never recovered.

On September 5, 1989, D.C. and Dubey filed an action as joint plaintiffs in the state circuit court. The action was removed to this court by the Defendants. In Count II of that complaint, Dubey alleges that the Defendant attorneys breached their fiduciary duties regarding the handling of the net auction proceeds. On December 4, 1989, those Defendants filed a motion for summary judgment, seeking to dismiss Count II on the basis that no fiduciary relationship existed between them and Dubey. The motion was briefed by the parties and set for hearing on December 13, 1989. Prior to hearing oral arguments on the motion, the court heard oral arguments on Plaintiffs' motion to remand the suit to state court, on the basis that Counts II–IV were non-core non-related proceed-

ings. The court took that matter under advisement and declined to hear oral arguments or rule on the summary judgment motion pending resolution of the motion to remand.

On March 16, 1990, the court issued a Report and Recommendation on the motion to remand. In that Report, the court held that Counts II–IV were non-core related proceedings. However, the complaint had contained a jury demand and Dubey refused to consent to the court entering a final order pursuant to 28 U.S.C. § 157(c)(2). Thus, following Judge Gibson's decision in *NFO Saginaw Valley Commodity Cooperative, Inc. v. Krawczyk*, No. G85–459 CA (W.D.Mich. June 17, 1985), the court ordered the suit remanded to state court.

Subsequently, on March 28, 1990, the parties in this adversary proceeding agreed to allow the court to enter a final order, and to consolidate this adversary proceeding with Adversary Proceeding No. 88–0023. Thus, the motion for summary judgment was again ripe. It was set for hearing on May 23, 1990, but in a telephone conference among counsel on April 3, 1990, oral argument was waived and the parties consented to allowing the court to decide the motion based upon the previously submitted briefs.

A motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, as incorporated into Bankruptcy Rule 7056, is appropriate when there is no genuine issue of material fact, thus entitling the movant to judgment as a matter of law. In the instant case, Defendants seek a ruling that, as a matter of law, no fiduciary relationship existed between Dubey and themselves.

In support of their motion, Defendants rely on the case of *Fassihi v. Sommers, Schwartz et al.*, 107 Mich.App. 509, 309 N.W.2d 645 (1981). In that case, the plaintiff was a 50% shareholder of a professional medical corporation, who brought suit against the corporation's attorneys for breach of a fiduciary duty. Initially, the court held that while there was no attorney-client relationship between the plaintiff

and defendants, that did not preclude the existence of a fiduciary duty between the two. *Id.* at 514. The court stated that a fiduciary relationship "arises when one reposes faith, confidence, and trust in another's judgment and advice." *Id.* at 515, 309 N.W.2d 645. More importantly, the court in *Fassihi* stated that "whether there exists a confidential relationship apart from a well defined fiduciary category is a question of fact." *Id.* at 515, 309 N.W.2d 645. As such, the court refused to grant summary judgment to the defendants.

The Defendants in the present case argue that their case is factually different from *Fassihi*, and that may be, but the result of those factual resolutions is not what is before me. In a motion for summary judgment, I must decide whether a genuine issue of material fact exists, and given the language of the *Fassihi* decision, the existence of a fiduciary relationship between Dubey and the Defendants is a question of fact that has yet to be decided. As such, the Defendants' motion for summary judgment on Count II is denied.

## ORDER

An Opinion concerning Defendants' Motion for Summary Judgment on Count II of the Plaintiffs' First Amended Complaint having been rendered, therefore in accordance with that Opinion,

IT IS ORDERED THAT:

1. The text of the Opinion is incorporated herein by reference and made a part hereof.

2. The Defendants' motion for summary judgment on Count II is denied.

3. A copy of this Order, together with a copy of the Opinion, shall be served upon Vincent Petrucelli, Attorney for Plaintiffs D.C. Equipment and Dennis Dubey, and W. John Stenton, Attorney for Defendants Osstyn, Bays, Ferns & Quinnell, Donald W. Bays, P.C., Donald W. Bays, Randolph Osstyn, and William Ferns.